No. 17-0227 – *State v. Barefield*

LOUGHRY, J., dissenting:

**FILED**

**May 17, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

While the search at issue in this case may have been illegal, there is little doubt that the fruits of that search were ultimately inconsequential in the petitioner's conviction. The error was plainly harmless beyond a reasonable doubt. Accordingly, I dissent to the majority's reversal of the petitioner's conviction of possession of a controlled substance with intent to deliver.

In this case, there were two key witnesses against the petitioner: Mr. Salyers and Mr. Casto. Mr. Salyers testified that the petitioner was in possession of methamphetamine and oxycodone; as the majority notes, the jury clearly found him not credible, based on their acquittal of those charges. There is no evidence, however, that the jury's verdict hinged on or was even affected by the unlawfully seized evidence, given Mr. Casto's compelling testimony. Mr. Casto testified that he summoned the petitioner to the house to sell crack cocaine to two individuals to whom Mr. Casto had just sold heroin. Mr. Casto candidly discussed his own drug addiction and trafficking activities and admitted to his own individual culpability as to the events occurring prior to the raid. Clearly, the jury found him credible as his was the *only* testimony linking the petitioner to the cocaine found on the premises.

1

Moreover, a closer examination of the significance of the unlawfully-seized evidence demonstrates how inconsequential it was. Unlike most instances, the petitioner in this case was not found with drugs on his person. Rather, the unlawfully seized evidence consisted only of $800, an identification card, a social security card, a paystub, and a VISA debit card. Obviously, the only remotely inculpatory evidence among these items, relative to the charge of possession with intent to deliver, is the $800 in cash. To suggest that the jury's verdict was influenced by his possession of $800 in cash wholly disregards Mr. Casto's testimony. No one testified that the two individuals had already paid the petitioner for the cocaine, in which case the cash would serve as corroborative evidence. Nor was there any testimony demonstrating that the only logical conclusion is that the cash was from the sale of the cocaine, as opposed to some innocent source. As such, the mere possession of cash by the petitioner is of little to no moment in light of the testimony of Mr. Casto, who squarely implicated the petitioner relative to the charge of possession with intent to deliver. The scant mention of the cash by the prosecution is further demonstrative of how insignificant it was to the case as a whole.

This is not a case where scores of witnesses and evidence were introduced, which would make the significance of the unlawfully-seized evidence to the jury somewhat unclear. Instead, this was a simple, straightforward case and the conviction rendered by the jury was supported fully by the testimony of a single witness. The evidence erroneously admitted is simply not the type that added weight to the scales in favor of conviction. Accordingly, I dissent.